## (November 26, 1975)

■ CORDIAL GREENS COUNTRY CLUB, INC., et al., Respondents, v AETNA CASUALTY AND SURETY COMPANY, Appellant, and ALPHE J. ST. LOUIS et al., Respondents.—Appeal from a judgment of the Supreme Court, entered August 9, 1974 in Rensselaer County, upon a decision of the court at Trial Term, without a jury, which adjudged that Aetna Casualty and Surety Company (Aetna) provide a defense to its insured, Cordial Greens, Inc., and pay any judgment which Alphe and Lucy St. Louis might recover against the insured, reserving, however, the right to Aetna to maintain an action against the insured to determine coverage for the causes of action asserted by St. Louis. The relevant facts are generally not in dispute. In January of 1970 Alphe St. Louis rented a snowmobile from the insured and while operating it sustained personal injuries. On the date of the accident, Aetna was the insurer on a policy providing comprehensive general liability coverage to the insured with an express exclusion pertaining to snowmo-

biles. The Foremost Insurance Company (Foremost) was the insurer on a policy providing the insured with coverage against liability resulting from the ownership, maintenance and use of snowmobiles, but excluding snowmobile activities outside the course marked for snowmobiles. In February of 1970, a notice of the accident and claim involving Alphe St. Louis and a summons commencing suit against the insured were forwarded to both Foremost and Aetna. Foremost promptly caused an investigation of the matter to be made and appeared in the action. Thereafter, Foremost received the complaint in the action and on April 29, 1971 received a bill of particulars, whereupon it was clearly established that the cause of action was premised upon a defect in the premises as opposed to any defective condition in the snowmobile. Thereafter, Foremost together with the insured as plaintiff commenced the present action seeking a declaratory judgment that Aetna by its policy provided the primary coverage and should provide the defense for the insured. It was established that although Aetna had received prompt notice of the St. Louis action, it had not undertaken, in any way, to act as insurer, but had simply assumed that Foremost was the proper insurer for the St. Louis incident. Upon this appeal, the sole issue raised by the appellant, Aetna, is whether or not Foremost is estopped from asserting that Aetna should provide a defense to the insured and pay any judgment rendered in connection therewith. Upon the present record, Aetna has failed to establish any facts which would support an assertion of estoppel as against Foremost in regard to Aetna's insurance coverage. The record clearly establishes that Aetna made no attempt to determine its potential liability. In any event, the obligation to which Aetna claims estoppel is one running to the insured and Aetna has failed to establish any facts which would permit an estoppel as to the insured. In the factual circumstances in this case, the issue raised by Aetna has no apparent merit. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.