**Sergio S. STIGLICH, Plaintiff,**

v.

**TRACKS, D.C., INC., Defendant and Third–party Plaintiff,**

v.

**ESSEX INSURANCE CO., Third-party Defendant.**

**Civ. A. No. 88–2795.**

United States District Court, District of Columbia.

Sept. 28, 1989.

---

Joel M. Finkelstein, Washington, D.C., for plaintiff.

Morton A. Faller, Keith A. Rosenberg, Washington, D.C., for defendant and third-party plaintiff.

J. Carl Cinquino, Richmond, Va., for third-party defendant.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Third-party Defendant's motion for Summary Judgment and Defendant and Third-party Plaintiff's Cross-motion for Partial Summary Judgment.

There are no genuine issues as to any material facts that underlie the Parties' motions. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff, Sergio Stiglich, sued Defendant, Tracks, D.C., Inc. (Tracks), a dance club, alleging that Tracks was negligent in failing to hire sufficient security personnel to prevent or stop an assault against Plaintiff by an unidentified patron of the club. Tracks then filed its third-party complaint against Essex Insurance Co. (Essex) to compel Essex to defend and indemnify Tracks under its liability insurance policy.

Essex contends that under the unambiguous terms of the insurance coverage policy it is entitled to a judgment as a matter of law that it is not obligated to defend or indemnify Tracks. This Court finds that the terms of the insurance policy could not be any more clear in providing that Plaintiff's claim against Tracks is precisely the type of claim that Essex is excluded from defending or indemnifying.

The language in the policy giving rise to Essex' duties provides:

> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of [ ] ... bodily injury ... to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury ...

Tracks argues that based on this language Essex has a duty to defend and indemnify Tracks for Plaintiff's negligence claims. However, the policy contains two pertinent exclusions which are dispositive of this matter. The first exclusion labeled **Assault and Battery Exclusion** provides:

> It is agreed that the insurance does not apply to bodily injury or property damage arising out of the assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons, or any other person.

The second exclusion labeled *HIRING/SUPERVISION EXCLUSION* provides:

> It is understood and agreed that claims, accusations or charges of negligent hiring, placement, training or supervision arising from actual or alleged assault or battery are not covered and no duty to

defend any insured from such claims, accusations or charges is provided.

The obligation of a liability insurance company under a policy provision requiring it to defend an action brought against the insured by a third party is determined by the allegations of the complaint in such action. *Continental Cas. Co. v. Cole*, 809 F.2d 891, 895 (D.C.Cir.1987); *Sherman v. Ambassador Ins. Co.*, 670 F.2d 251, 259 (D.C.Cir.1981). "[I]f the complaint alleges a liability not within the coverage of the policy, the insurance company is not required to defend." *S. Freedman & Sons, Inc. v. Hartford Fire Ins. Co.*, 396 A.2d 195, 197 (D.C.1978).

Tracks contends that Plaintiff's claim is not excluded by the Assault and Battery Exclusion because the claim is in essence one of negligence arising out of Track's failure to provide adequate supervision and security in the club and not the assault which resulted from Track's alleged negligence. However, the terms of the policy clearly provide that the policy does not apply "to bodily injury or property damage arising out of assault and battery *or out of any act or omission in connection with the prevention or suppression of such acts.*" Track's alleged failure to hire sufficient security is precisely an "act or omission" which could have prevented or suppressed the assault in this case. Indeed, Plaintiff's complaint states that his injuries are "a direct and proximate result of the Defendant's negligence." If Plaintiff contended otherwise, that Track's failure to hire enough security would not have prevented or suppressed the assault, then Plaintiff obviously would not have a negligence claim because of a failure to demonstrate causation between Track's alleged negligence and his injury resulting therefrom. *See Terra Nova Ins. Co., Ltd. v. Thee Kandy Store, Inc.*, 679 F.Supp. 476, 478 (E.D.Pa.1988) (Court ruled that allegations of negligence in preventing an assault and battery were "not sufficient to avoid a properly executed assault and battery exclusion. Regardless of the language of the allegations, the original cause of the harm arose from an alleged assault and battery."); *St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's, Inc.*, 582 F.Supp. 865 (E.D.Pa.1984).

Similarly, to the extent that Plaintiff's claims suggest negligent training or supervision of Tracks' personnel who failed to prevent or stop the assault, the Hiring/Supervision Exclusion explicitly bars coverage.

Tracks further contends that this Court should not grant summary judgment to Essex on the issue of indemnification because it would be premature to make this determination before any evidence of Track's alleged liability is heard. *Salus Corp. v. Continental Cas. Co.*, 478 A.2d 1067 (D.C.1984); *S. Freedman & Sons, Inc. v. Hartford Fire Ins. Co.*, 396 A.2d 195. However, even accepting all of Plaintiff's allegations as true and assuming liability against Tracks, *see Sherman v. Ambassador Ins. Co.*, 670 F.2d 251, 259 (D.C. Cir.1981), the terms of the policy expressly and inclusively provide that the policy will not apply to "*any* act or omission in connection with the prevention or suppression" of an assault and battery.

Accordingly, it is hereby

ORDERED, that the Motion for Summary Judgment of Third-party Defendant be and the same hereby is GRANTED; and it is further

ORDERED that the Motion of Third-party Plaintiff for Partial Summary Judgment be and the same hereby is DENIED.