■ 2500 MOTEL CORPORATION, Respondent-Appellant, v INVESTORS INSURANCE COMPANY OF AMERICA, Appellant-Respondent, and NAB ASSOCIATES et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County (Robert E. White, J.), entered on or about September 6, 1989, *inter alia,* declaring that defendant Investors Insurance Company of America (Investors) is obligated to defend and "if necessary" indemnify plaintiff and defendants NAB Associates (NAB) and Joseph M. Satlow (Satlow), unanimously modified, on the law and the facts, to the extent of declaring that Investors is obligated to defend and indemnify its insured

unless the alleged injuries in the underlying action were caused by an assault or battery committed by or at the direction of its insured or an employee or agent of its insured and otherwise affirmed, without costs.

Plaintiff operates Bronx Park Motel under a lease from the owner, NAB. Satlow is a partner in NAB. Plaintiff commenced this action seeking a declaratory judgment that Investors is obligated, under the terms of a policy of insurance, to defend and indemnify it in a negligence action. Upon stipulation of the parties the IAS court permitted an amendment of the complaint to include NAB and Satlow as additional insureds. In the negligence action, defendants Olga Delgado (Delgado) and Gabriel Vargas (Vargas) allege that on October 13, 1983, while they were guests at the motel, they were the victims of rape, assault and robbery when, as a result of defective door locks and inadequate security, an intruder entered their room.

The policy provides indemnity for bodily injury or property damage caused by an "occurrence" which is defined as an "accident". An endorsement to the policy states that an " '[a]ssault and/or [b]attery shall not be deemed an accident' ". Unlike the IAS court, we read this exclusion to apply to intentional damage caused by or at the direction of the insured, its agents or employees, rather than assaults or batteries committed by unrelated third persons. Had Investors intended to preclude indemnification for damage upon the motel premises caused by criminal acts of a third party, it should have done so "in clear and unmistakable" language. (*Kratzenstein v Western Assur. Co.,* 116 NY 54, 59 [1889]; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311 [1984].) Concur—Kupferman, J. P., Carro, Ellerin and Smith, JJ.