■ COMMUNITY HOSPITAL AT GLEN COVE, Respondent, v AMERICAN HOME ASSURANCE COMPANY, Appellant.—In an action to declare the rights, duties and liabilities of the parties pursuant to an insurance policy, the defendant American Home Assurance Company appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), entered November 21, 1988, which granted the plaintiff's motion for summary judgment, denied its cross motion, *inter alia,* for summary judgment, and declared that the defendant is required to defend the plaintiff and pay any settlement or judgment that may be obtained against the plaintiff in connection with an underlying personal injury action.

Ordered that the order and judgment is affirmed, with costs.

We agree with the Supreme Court that the general liability policy issued to the plaintiff hospital requires the defendant carrier to defend and indemnify with respect to the underlying claim alleging negligence in the hospital's hiring, training and supervision of a physician accused of sexually abusing a patient. An examination of the policy establishes that the foregoing claim falls within the policy's coverage provisions and is not exempted in clear and unmistakable language by the exclusionary endorsements relied upon by the carrier. Significantly, it has been held that "before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case * * * and that they are subject to no other reasonable interpretation" *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311; *see, International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325; *AFA Protective Sys. v Altantic Mut. Ins. Co.,* 157 AD2d 683, 685).

Our review of the record reveals that the defendant has failed to discharge its burden in this respect.

Moreover, the defendant's further assertion that the negligent hiring claim constituted a "medical incident" which was covered, if at all, by a previously lapsed professional liability portion of the policy is similarly without merit. Although the definition of a "medical incident" under the foregoing provisions includes, *inter alia,* acts or omissions arising out of the "furnishing of professional health care services", it cannot be said that the hospital's alleged negligence in hiring, supervising and training the physician in question arises out of the rendition of such professional services or that a review of the policy in its entirety evinces an intent to provide coverage for such a claim solely as a "medical incident" under the formerly applicable hospital liability segment of the policy.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.