■ ANDREW F. KELLY, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.—Judgment, Supreme Court, New York County (William Davis, J.), entered on or

about May 28, 1990, which declared defendant-respondent insurer not obligated to defend or indemnify plaintiff-appellant, unanimously reversed, on the law and facts, and a declaration that defendant must defend and indemnify plaintiff in a negligence action commenced in Bronx County on November 14, 1988, is made, without costs.

In this declaratory judgment action, plaintiff, Andrew F. Kelly, seeks to compel his automobile insurer, defendant Nationwide Mutual Insurance Company ("Nationwide"), to defend and indemnify him in an action brought by William Diaz, who asserts claims totalling $1 million for personal injuries and property damage allegedly sustained in a motor vehicle accident that took place on December 12, 1987.

It is undisputed that the accident in question occurred when plaintiff's automobile hit the rear bumper of Diaz's vehicle, which was stopped on Broadway between Isham and 207th Streets in upper Manhattan. It is further undisputed that Police Officer Herbert Collins, who responded to the scene, arrested plaintiff for driving while intoxicated. In his police accident report, Officer Collins indicated that no one had been hurt, that the drivers were in substantial agreement as to how the accident had occurred, and that only the rear bumper of the first car and the front of plaintiff's car had sustained damage.

Upon his release from custody, plaintiff inspected his vehicle and found that the damage consisted of a broken headlight, which he replaced at the cost of four or five dollars, and a bent latch on the hood, which plaintiff simply bent back to its proper position. In light of the minimal damage to the vehicles, plaintiff did not notify his insurer, Nationwide, of the accident.

Nearly one year later, in November 1988, plaintiff was served with Diaz's summons and complaint, which pleadings were immediately forwarded to Nationwide. By letter dated November 15, 1988, the insurer disclaimed all coverage because plaintiff had failed to previously report the accident. A second disclaimer letter, sent to plaintiff on December 21, 1988, cited the following provision of his automobile insurance policy: " '1. INSURED PERSONS' DUTIES—The insured or someone on his behalf will: (a) give us or our agent prompt notice of all losses and proof of claim if required.' "

Following a trial at which plaintiff testified to having "tapped" the back of Diaz's car, and Officer Collins testified that there were no apparent injuries to the parties and that

no one requested medical treatment, the trial court rejected plaintiff's argument that he could not have anticipated the $1 million lawsuit and held that plaintiff had violated a condition of his policy by not promptly notifying the insurer of Diaz's loss, which precluded a declaration in his favor. We reverse.

It has long been recognized that "[i]t is not every trivial mishap or occurrence that the assured under * * * a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury." (*Melcher v Ocean Acc. & Guar. Corp.*, 226 NY 51, 56; *Haas Tobacco Co. v American Fid. Co.*, 226 NY 343, 344-345.) Rather, "a failure to give immediate notice may be excused where it appeared that the insured * * * believed there was no serious injury and that no claim would be made" (21B Appleman, Insurance Law and Practice § 12744, at 260-263; *see, State Farm Mut. Auto. Ins. Co. v Murnion,* 439 F2d 945, 947 ["delay in reporting is excusable when the accident is trivial, results in no apparent harm and furnishes no reasonable ground for the insured to believe that a claim might arise"]).

In the case at bar, the record establishes, through both the testimony of plaintiff and the police officer, as well as through the accident report prepared at the time, that no physical injuries or anything other than minor damage were apparent. As such, plaintiff had no reason to believe that a claim would be made against him, and we accordingly find that his notification to the insurer, given immediately upon receiving the summons and complaint, was reasonable in the circumstances. (*See, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19; *Christensen v Allstate Ins. Co.,* 29 Misc 2d 671; *cf., Jenkins v Burgos,* 99 AD2d 217.) Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.