■ DAYTON BEACH PARK NO. 1 CORP., Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY et al., Respondents, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that the defendant National Union Fire Insurance Company is obligated to defend and indemnify the plaintiff in an action pending against it in the Supreme Court, Queens County, entitled *Keenan v Dayton Beach Park No. 1 Corp.,* bearing Index No. 10302/84, the plaintiff, Dayton Beach Park No. 1 Corp. appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Queens County (Hentel, J.), dated June 5, 1990, which, *inter alia,* (1) denied its motion for summary judgment, and (2) awarded summary judgment to the defendant National Union Fire Insurance Company.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the plaintiff payable by National Union Fire Insurance Company, and that branch of the plaintiff's motion which was for a judgment declaring that the defendant National Union Fire Insurance Company is obligated to defend and indemnify it is granted, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate judgment.

On May 10, 1983, Diane Keenan was assaulted in the elevator of a building owned by the plaintiff herein, Dayton Beach Park No. 1 Corp. (hereinafter Dayton). Keenan subsequently commenced an action against Dayton and the on-premises maintenance company hired by Dayton, Gotham Building Maintenance Corporation (hereinafter Gotham), alleging, *inter alia,* that Dayton and Gotham failed to properly maintain the building's doors and locks.

On January 1, 1983, Dayton had entered into a "full service maintenance contract" with Gotham under which Gotham obligated itself to make daily inspections of "[d]oor saddles, doors, door frames, kick plates, baseboard mouldings and locks". Pursuant to paragraph "7" of the maintenance contract, Gotham agreed "[d]uring the entire period" of its performance under the contract, to "maintain in full force and effect * * * [p]ublic [l]iability [i]nsurance * * * in limits of at least One Million ($1,000,000.00) Dollars for injury to any one person and One Million ($1,000,000) Dollars aggregate for any single occurrence and Five Hundred Thousand Dollars for property damage". Significantly, the agreement further provided that Gotham was to be designated as the named insured under the policy. It appears that Gotham obtained a policy of liability insurance from National Union Fire Insurance Company (hereinafter National) under which Dayton was named as an "additional insured". The liability policy provided, *inter alia,* that Dayton was to be an additional insured with respect to "liability arising out of (1) operations performed for the additional insured [Dayton] by the named insured [Gotham] * * * or (2) acts or omissions of the additional insured in connection with [its] general supervision of said operations".

Subsequent to the commencement of the underlying personal injury action, Dayton requested that National defend and indemnify it as an additional insured under the policy it had issued to Gotham. National declined and Dayton commenced the instant action for a declaratory judgment. Prior to resolution of the declaratory judgment action, the jury in the underlying personal injury action rendered a general verdict in the plaintiff's favor. The jury apportioned liability by attributing 60% of the fault to Dayton and 40% of the fault to Gotham.

Thereafter, Dayton moved in the declaratory judgment action for summary judgment declaring, *inter alia,* that National was obligated to defend and indemnify it in the underlying personal injury action. The Supreme Court denied the motion, concluding, among other things, that while the policy's "additional insured" endorsement provided coverage for vicarious liability arising out of the duties performed by Gotham on Dayton's behalf, the jury had already apportioned the parties' respective liabilities, thereby rendering this coverage provision inapplicable. We reverse.

It is well settled that the duty to defend is broader than the duty to indemnify *(see, Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 73), and "arises whenever the

allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless these allegations may be" *(Baron v Home Ins. Co.,* 112 AD2d 391, 392; *see also, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298, 302-303; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 669; *National Cas. Ins. Co. v City of Mount Vernon,* 128 AD2d 332, 335). Further, "[i]t is also well-settled law that if the insurer is to be relieved of a duty to defend, it must demonstrate that the allegations of the underlying complaint place that pleading solely and entirely within exclusions of the policy and that the allegations are subject to no other interpretation" *(Baron v Home Ins. Co., supra,* at 392). Here, the complaint in the underlying action alleges that Dayton and Gotham breached their respective duties to properly maintain the building's locks and doors, a duty which Gotham had undertaken to perform for Dayton pursuant to the January 1983 maintenance agreement. Under these circumstances, and inasmuch as the policy provides coverage to Dayton for liability "arising out" of actions performed by Gotham on Dayton's behalf, National was obligated to provide a defense to Dayton *(see, American Home Assur. Co. v Port Auth.,* 66 AD2d 269).

Moreover, the language of the relevant policy provision does not limit the scope of coverage to liability imposed solely upon a respondeat superior theory, but rather, broadly creates coverage for liability "arising out" of operations performed on Dayton's behalf by Gotham. We conclude that the liability imposed upon Dayton falls within the parameters of the foregoing coverage provision, and therefore, that National is obligated to indemnify Dayton.

We are unpersuaded by National's contentions that Dayton is collaterally estopped from raising the issue of its entitlement to coverage under National's policy. Although Dayton raised the question of coverage within the context of a motion to set aside the verdict in the personal injury action, the Trial Judge in that action denied Dayton's application principally because the very same issue was pending before the Supreme Court in the instant action and also because, despite repeated requests by Dayton, National had yet to produce the policy at the time the post-verdict motion was made. In light of the foregoing, we conclude that Dayton is not collaterally estopped from litigating its status as an additional insured.

Since coverage is available under National's policy, we need not reach Dayton's alternative contention that Gotham

breached its obligation to obtain the appropriate liability coverage. Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.