■ HILARY GUISHARD et al., Respondents, v GENERAL SECURITY INSURANCE COMPANY, Appellant. [820 NYS2d 645]—

In an action for a judgment declaring, inter alia, that the defendant is obligated to defend and indemnify the plaintiffs in an action entitled *Phillips v Guishard,* pending in the Supreme Court, Bronx County, under index No. 23809/02, the defendant appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), entered August 16, 2005, which, upon an order of the same court dated May 18, 2005 denying its motion for summary judgment and granting the plaintiffs' cross motion for summary judgment, declared that the defendant was obligated to defend and indemnify the plaintiffs in the underlying action.

Ordered that the judgment is affirmed, with costs.

In this action, the plaintiffs seek, inter alia, a judgment declaring that the defendant, General Security Insurance Company (hereinafter General Security), is obligated to defend and indemnify them in an underlying personal injury action pursuant to a general liability insurance policy. General Security moved for summary judgment declaring that there was no coverage based on the auto exclusion in its policy because the injured plaintiff in the underlying action was struck by a rivet from a rivet gun while converting a van owned by the plaintiffs into an ice cream vending truck. The Supreme Court denied the motion and granted the plaintiffs' cross motion for summary judgment declaring that General Security is obligated to defend and indemnify the plaintiffs in the underlying action. We agree.

In an insurance coverage case, the insurer bears the burden of establishing that the claimed policy exclusion defeats the insured's claim to coverage by demonstrating that the exclusion relied upon is "stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 652 [1993]; *see Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311 [1984]; *Community Hosp. at Glen Cove v American Home Assur. Co.,* 171 AD2d 639 [1991]; *AFA Protective Sys. v Atlantic Mut. Ins. Co.,* 157 AD2d 683, 685 [1990]). Here, General Security did not submit the policy schedule defining the term "auto" as used in the policy. Accordingly, General Security's submissions failed to demonstrate its prima facie entitlement to judgment as a matter of law or raise a triable issue of fact in opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.