■ DOMENICO RUGGERIO et al., Appellants, v AETNA LIFE & CASUALTY COMPANY, Respondent. — In an action pursuant to former section 167 (subd 1, par [b]) of the Insurance Law to recover insurance proceeds pursuant to a judgment obtained by plaintiffs against defendant's insured, based upon causes of action for negligent operation of an automobile and for negligence in the hiring of an incompetent and unlicensed employee driver and entrustment of a taxicab to him, plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated September 12, 1983, which granted defendant's motion to dismiss the complaint.

Judgment affirmed, with costs.

Plaintiffs had previously obtained a judgment against defendant's insured, Veteran's Cab Co., Valley Stream, Inc. (Veteran) based on two separate causes of action. The first cause of action involved the vicarious liability of Veteran for the negligence of one of its drivers. The second cause of action involved Veteran's own negligence in failing to ascertain whether the driver was qualified and licensed to operate a taxi and in entrusting him with a taxi when he was intoxicated. At the time of the accident, the driver did not possess the requisite license to operate a taxi and his operator's license had been suspended due to a history of driving while intoxicated.

Defendant had issued a "Comprehensive General Liability" policy to Veteran which contained a standard exclusion for liability "arising out of the ownership, maintenance, operation [or] use" of an automobile. Trial Term held that this exclusion rendered the policy inapplicable to both causes of action as "no harm [was done] to the plaintiffs until [the driver] got behind the wheel of an automobile". We agree.

Although the vicarious liability of defendant's insured and its affirmative breach of a duty owed to plaintiffs are separate

causes of action, it is clear that this policy was not intended to cover injuries "arising out of" automobile accidents. Defendant's insured's negligent actions in hiring an incompetent and unqualified driver and dispatching him when he was intoxicated "do no more than provide reasons or subfactors" explaining why the accident arose out of the operation of an automobile and are therefore also excluded from coverage under the policy (*Matter of Duncan Petroleum Transp. v Aetna Ins. Co.,* 96 AD2d 942, 943, affd 61 NY2d 665 on mem at App Div). While Veteran's acts may have been a proximate cause of plaintiff Frances Ruggerio's injuries, that is only determinative of the underlying liability of the insured. An insurance policy, however, is in essence a contract and must be construed in accordance with the intent of the parties as expressed in the clear language of the policy (*Zappone v Home Ins. Co.,* 55 NY2d 131; *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,* 51 NY2d 651). Here, the policy clearly stated "[t]his insurance does not apply * * * to bodily injury * * * arising out of the ownership * * * operation [or] use * * * of * * * any automobile * * * owned or operated by * * * any insured". We have great sympathy for the plight of plaintiffs, whose recovery on a judgment of over $200,000 is virtually limited to the $10,000 insurance policy Veteran held on its taxis, but that is a matter which must be addressed by the Legislature. Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.