■ MARTIN BYER et al., Appellants, v CONTINENTAL INSURANCE Co., Respondent.—In an action for a judgment declaring the rights of the parties under a homeowners' insurance policy, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered May 3, 1988, which declared that the defendant was not required to defend or indemnify the plaintiffs in an underlying personal injury action entitled *Deutsch v Byer,* pending in the Supreme Court, Nassau County, with an unknown index number.

Ordered that the judgment is affirmed, with costs.

The plaintiffs seek a declaration as to their entitlement to coverage under their homeowners' insurance policy issued by the defendant on a claim against them for negligent entrustment of a vehicle to their son in an underlying action to recover damages for personal injuries. That action is based upon an accident which occurred on October 24, 1986, approximately 750 feet from the insured premises, when the plaintiffs' infant son struck a pedestrian while operating a three-wheeled motorized vehicle owned by his father, the plaintiff Martin Byer.

The homeowners' insurance policy provides, in pertinent part, an exclusion from coverage for personal injuries or property damage "arising out of the ownership, maintenance, use, loading or unloading of * * * a motor vehicle owned or operated by * * * any insured". "Insured" is defined in the policy to include relatives who reside in the insured's household. "Motor vehicle" is defined, in pertinent part, as "a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location". Thus, the plaintiffs' infant son was an "insured" and the vehicle was a "motor vehicle" within the meaning of the policy's definitions.

This policy clearly states that injuries "arising out of" motor vehicle accidents are not covered. The Byers' negligence in entrusting the vehicle to their son " 'do[es] no more than provide reasons or subfactors' explaining why the accident arose out of the operation of [a motor vehicle] and [is] therefore also excluded from coverage under the policy" *(Ruggiero v Aetna Life & Cas. Co.,* 107 AD2d 744, 745, quoting from *Matter of Duncan Petroleum Transp. v Aetna Ins. Co.,* 96 AD2d 942, 943; *see, State Farm Fire & Cas. Co. v Wolford,* 116 AD2d 1011, 1012). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.