■ CLASSIC HOSIERY, INC., et al., Appellants, v ROYAL INSURANCE COMPANY OF AMERICA, Respondent, et al., Defendants.— Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered January 30, 1990 in Orange County, which granted defendant Royal Insurance Company of America's motion for summary judgment and declared that it was not required to defend plaintiffs in a pending action or to indemnify them against any judgment arising therefrom.

Plaintiff Tuvia Brach is the president of plaintiff Classic Hosiery, Inc. On December 21, 1988, at a time when Brach was using his personal automobile to make deliveries on behalf of Classic Hosiery, he struck a pedestrian, and an action was commenced against plaintiffs to recover for the injuries sustained. Plaintiffs demanded that defendant Royal Insurance Company of America provide excess coverage under

a general commercial liability policy issued by Royal to Classic Hosiery and, upon Royal's denial of coverage, commenced this action for judgment, *inter alia,* declaring that Royal is required to provide coverage under its policy. Following joinder of issue, Royal moved for summary judgment. Supreme Court granted the motion and declared that Royal's policy does not afford coverage in the underlying tort action. Plaintiffs appeal.

We affirm. The policy in question provides "Commercial General Liability Coverage" and by its terms excludes " '[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any * * * 'auto' * * * owned or operated by or rented or loaned to any insured". Plaintiffs' argument that Brach was not an "insured" and that the exclusion did not, therefore, apply to him is disingenuous in view of the policy's inclusion of "executive officers and directors" of a corporation and "employees, other than * * * executive officers * * * act[ing] within the scope of their employment" as insureds. Contrary to plaintiffs' assertion, the policy is clear and unambiguous in its exclusion of injuries arising out of automobile accidents *(see, Ruggerio v Aetna Life & Cas. Co.,* 107 AD2d 744).

Order affirmed, with costs. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.