■ JAMES STEINBLATT et al., Appellants, v RECO, THE REINSURANCE CORPORATION OF NEW YORK, et al., Respondents, et al., Defendants. [685 NYS2d 69] —In an action for a judgment declaring that the defendant, RECO, the Reinsurance Corporation of New York and/or the Reinsurance Corporation of New York d/b/a RECO, is obligated to defend and indemnify the defendant, All Island Taxi Corp., in an action entitled *Steinblatt v All Is. Taxi,* pending in the Supreme Court, Nassau County, under Index No. 22611/95, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Burke, J.), entered January 13, 1998, which, *inter alia*, denied their motion for summary judgment, and granted the cross motion of the defendant RECO, the Reinsurance Corporation of New York and/or the Reinsurance Corporation of New York d/b/a RECO, for summary judgment to the extent of declaring, *inter alia*, that the latter was not so obligated to defend and indemnify.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced a negligence action as a result of injuries which the plaintiff James Steinblatt allegedly sustained in a motor vehicle accident, while riding as a passenger in a taxicab driven by an employee of the defendant All Island Taxi Corp. (hereinafter All Island). At the time of the accident All Island was insured under a Comprehensive Liability Policy issued to it by the defendant RECO, the Reinsurance Corporation of New York and/or the Reinsurance Corporation of New York d/b/a RECO (hereinafter RECO). The plaintiffs commenced the action seeking a judgment declaring that RECO was obligated to indemnify and defend All Island in the

negligence action, because RECO allegedly failed to timely disclaim coverage in accordance with Insurance Law § 3420 (g).

The policy at issue clearly did not cover injuries which "arose out of" automobile accidents, but instead was limited to premises liability (*see, Ruggerio v Aetna Life & Cas. Co.*, 107 AD2d 744). Therefore, since the policy did not provide coverage for the underlying event, RECO was not precluded from denying coverage based upon the alleged failure to comply with Insurance Law § 3420 (g), and the court properly declared that it was not obligated to defend and indemnify All Island in the underlying action (*see, Presbyterian Hosp. v Maryland Cas. Co.*, 90 NY2d 274; *Zappone v Home Ins. Co.*, 55 NY2d 131; *Ruggerio v Aetna Life & Cas. Co., supra*).

In light of our determination, it is unnecessary to reach the plaintiffs' remaining contentions. Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.