OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs to plaintiff, and judgment should be granted in plaintiff’s favor declaring that defendant is obligated to defend and indemnify plaintiff.
Plaintiff’s 14-year-old son was operating plaintiff’s three-wheel all-terrain vehicle when he collided with a pickup truck and sustained serious leg injuries. Plaintiff brought suit against the owner and operator of the truck, who interposed a counterclaim alleging plaintiff was negligent in that he "permitted and allowed an improperly equipped motor vehicle to be operated upon the public highway” and "entrusted a dangerous instrumentality to [the minor] knowing [he] was unfit and unqualified to properly handle * * * [the vehicle]”. Plaintiff sought defense and indemnification from his own homeowner’s insurer on the counterclaim. The insurer disclaimed and the insured sought declaratory judgment relief.
The homeowner’s insurance policy provides coverage for all personal liability but excludes occurrences "arising out of the ownership, maintenance, or use of * * * a motor vehicle”. The view that this case "arises out of the ownership and use of a motor vehicle” (dissenting opn, at 749) is flawed. The focus of this dispute is the insured father’s alleged negligent entrust *749 ment to his son of the motor vehicle, a claimed dangerous instrumentality. It is not directly related to the plaintiffs son’s negligent operation of the vehicle.
The exclusion from coverage — always as a matter of interpretation construed strictly against the insurer — is governed by Lalomia v Bankers & Shippers Ins. Co. (35 AD2d 114, affd 31 NY2d 830), where we held that a cause of action sounding in common-law negligence, predicated on the entrustment of a "motor vehicle”, was separate and distinct from claims excluded by a clause virtually identical to the one now at issue. Any minor variation in language between "arising out of’ (the one here) and "based directly on” (see, Lalomia v Bankers & Shippers Ins. Co., supra, 35 AD2d, at 117) is too insignificant to permit varying, legal consequences. Since the rule of Lalomia was made 18 years ago, insurers have had an opportunity to clearly exclude claims based on negligent entrustment from coverage in homeowner’s liability policies. They cannot be said to have accomplished that significant change by the ambiguous, as used here, "arising out of’ language.