(May 29, 1990)

■ Martin Byer et al., Appellants, v Continental Insurance Co., Respondent.—Motion by the appellants for reargument of an appeal from a judgment of the Supreme Court, Suffolk County, entered May 3, 1988, which was determined by decision and order of this court dated November 13, 1989, or in the alternative for leave to appeal from the decision and order of this court to the Court of Appeals.

Upon the papers submitted in support of the motion and the papers submitted in relation thereto, it is,

Ordered that the motion granted to the extent that reargument is granted, and, upon reargument, the decision and order of this court dated November 13, 1989 [155 AD2d 503], is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a judgment declaring the rights of the parties under a homeowners' insurance policy, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County

(Gowan, J.), entered May 3, 1988, which declared that the defendant was not required to defend or indemnify the plaintiffs in an underlying personal injury action entitled *Deutsch v Byer,* pending in the Supreme Court, Nassau County, with an unknown index number.

Ordered, that the judgment is reversed, on the law, without costs or disbursements, and it is declared that the defendant shall provide for the defense of the plaintiffs with respect to the underlying personal injury action entitled *Deutsch v Byer,* and shall indemnify the plaintiffs, subject to the limitations contained in its insurance policy, against any liability imposed on them in that action on the basis of their negligent entrustment of a vehicle to their son.

The material facts of the present case are indistinguishable from those presented in *Cone v Nationwide Mut. Fire Ins. Co.* (75 NY2d 747). In accordance with the holding in that case, the defendant is required to defend the plaintiffs and, in the event that they are found liable for the negligent entrustment of a vehicle to their son, to indemnify them against any judgment, subject to the limits of the homeowners' policy at issue. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.