OPINION OF THE COURT
Robert G. Hurlbutt, J.
On November 26, 1988 defendant Jerry E. Fredette, Jr., then age 16, was injured while operating an all-terrain vehicle (ATV) owned by defendant Eugene Jackson. Jackson had procured, and maintained in full force and effect on the date of Fredette, Jr.’s accident, a motorcycle liability policy on the ATV, written by plaintiff Progressive Casualty Insurance Company (Progressive).
By summons and complaint dated January 31, 1990, Fredette, Jr. and his parents, Jerry E. Fredette, Sr. and Yvonne M. Fredette, commenced an action against Jackson in Supreme Court, Oswego County seeking damages upon two separately stated negligence causes of action as well as a parents’ derivative action. No one has furnished evidence as to the date of service of the summons and complaint in that action upon Jackson, but his affidavit alleges that he forwarded them to plaintiff "immediately” upon being served. Progressive acknowledges receipt of notice of the incident via receipt of the summons and complaint in March 1990.
The Fredette complaint and bill of particulars allege that Jackson was negligent on November 26, 1988 in that he furnished Fredette, Jr. with alcoholic beverages, and then allowed the infant plaintiff (a defendant here) to operate his ATV while under the influence of alcohol; failed to properly and adequately instruct Fredette, Jr. in the use and operation of the ATV; failed to warn of risks attendant to Fredette, Jr.’s operation of the ATV, and the trails upon which the vehicle was driven; and that he entrusted Fredette, Jr. with a dangerous instrumentality. Progressive asserts, correctly, that the. gravamen of all claimed negligence in the Fredette action is a negligent entrustment of the ATV to Fredette, Jr. by Jackson.
Progressive undertook defense of Jackson in the Fredette action under a reservation of rights, and then commenced this action seeking a declaratory judgment that it owes no duty to defend or indemnify Jackson under its motorcycle liability policy. Progressive now moves for summary judgment, claiming that no defense or indemnification is owed Jackson because (1) its motorcycle liability policy does not cover claims for negligent entrustment, and (2) Jackson failed to provide *481 timely notice of the accident as required by the insurance contract.
COVERAGE
By the coverage provisions of its policy, Progressive undertakes that it will "pay damages for which any covered person [Jackson as named insured is a "covered person”] is legally liable * * * because of bodily injury and property damage arising out of the ownership, maintenance or use of your cycle.” Progressive also agrees to "settle or defend, as we think appropriate, any claim asking for these damages.” Progressive urges that the Fredette negligence claims are not within its policy coverage because they do not arise out of the ownership, maintenance or use of the insured’s ATV. Progressive relies upon Cone v Nationwide Mut. Fire Ins. Co. (75 NY2d 747) and Lalomia v Bankers & Shippers Ins. Co. (35 AD2d 114, affd 31 NY2d 830), cases in which, it is asserted, the Court of Appeals has held that a claim based upon negligent entrustment does not arise out of the use, operation or maintenance of a vehicle. I disagree.
In Lalomia v Bankers & Shippers Ins. Co. (supra) the question before the court was whether a homeowner’s policy afforded coverage to its insured as to an action claiming negligence in entrusting a motorized bicycle to the insured’s 12-year-old son. The homeowner’s policy excluded coverage for claims based upon " 'the ownership, maintenance, operation, use, loading or unloading’ of automobiles * * * while away from the insured premises.” (Lalomia v Bankers & Shippers Ins. Co., 35 AD2d, at 116-117, supra.) The Appellate Division held that the cause of action based upon negligent entrustment was not "directly related” to ownership, maintenance, operation or use of the motorized bicycle and that, therefore, the coverage exclusion did not apply. The Court of Appeals affirmed on the opinion below. (Lalomia v Bankers & Shippers Ins. Co., 31 NY2d 830, 833, supra.)
In 1989, by a 4 to 3 margin, the Court of Appeals continued the Lalomia rationale in Cone v Nationwide Mut. Fire Ins. Co. (75 NY2d 747, supra).* In Cone, a homeowner’s policy insurer *482 sought to avoid a duty to defend or indemnify its insured against a claim based upon negligent entrustment of an ATV to his 14-year-old son. The policy excluded coverage for claims " 'arising out of the ownership, maintenance, or use of * * * a motor vehicle’ ” (75 NY2d, supra, at 748). The majority reasoned that insurers generally, and the defendant in that case in particular, had failed to sufficiently alter their homeowner’s policy language sufficiently from that construed in Lalomia to "permit varying legal consequences.” (Cone v Nationwide Mut. Fire Ins. Co., 75 NY2d, supra, at 749.) The carriers, the court noted, could not be found to have effected a change in the exclusion limitation "by the ambiguous, as used here, 'arising out of language.” (Supra, at 749.) The court took pains to note that coverage exclusion provisions are "always as a matter of interpretation construed strictly against the insurer”. (Supra, at 749.)
Contrary to Progressive’s assertion, the Court of Appeals did not hold that a claim for negligent entrustment does not arise out of the use or ownership of a motor vehicle under a policy which affords liability coverage to that very vehicle, rather than excluding coverage as to motor vehicles under a homeowner’s liability policy. The majority in Cone (supra) found an ambiguity in the exclusionary language of the homeowner’s policy and construed it against the insurer. Actually, in the context of coverage as to an insured vehicle as opposed to an exclusion from coverage as to a general liability policy, there is no apparent ambiguity in the language "arising out of the ownership, maintenance or use of your cycle”, and any claim for injury sustained by a person operating the insured vehicle is clearly covered by the plain language of the policy. Assuming, arguendo, an ambiguity in that phrase when used in motor vehicle liability coverage, the result is the same. The policy must be liberally construed in favor of the insured, and all ambiguities must be resolved against the insurer. (See, Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 671; Miller v Continental Ins. Co., 40 NY2d 675, 678.) Thus, if these policy provisions do not clearly afford Jackson coverage as to the Fredette claims on their face, when any ambiguity is resolved, there must be a finding of coverage. One other New York court has so found. (See, Allstate Ins. Co. v Reliance Ins. Co., 85 Misc 2d 734, 744.)
*483 Another point of departure from Cone (supra) and Lalomia (supra) is that in those cases the claim found not to be excluded under the homeowner’s policies was that of liability to a third party based on negligent entrustment of a dangerous instrumentality. Here, the claim is based upon injuries sustained to the person to whom the instrumentality, i.e., the insured ATV, was entrusted. (Cf., Splawnik v Di Caprio, 146 AD2d 333.) This circumstance alone creates a more direct relationship between the claim and the ownership and use of the insured vehicle. (Cf., Lalomia v Bankers & Shippers Ins. Co., 35 AD2d 114, 117, supra.)
In sum, these circumstances are no different from a case in which an owner of a vehicle allows its use, knowing that it contains faulty brakes, steering or other safety equipment, resulting in injury to the operator. There is no doubt that such a claim arises out of the ownership and use of such a vehicle, and that the owner’s liability policy would afford coverage in connection with an action brought in negligence by the injured driver. That the claimed negligence here is based upon the entrustment of the motor vehicle rather than, for example, its condition, in no way alters the unarguable fact that the claim arises out of the ownership and use of the vehicle. Indeed, if a claim for injuries sustained by a person while driving this ATV does not arise out of its use, what claim can be said to so arise?
LATE NOTICE
Jackson’s motorcycle policy requires that notice of accident or loss must be furnished to the insurer within 91 days after occurrence of an accident. Progressive is correct in its assertion that the giving of timely notice as required by the policy is a condition to the insurer’s liability. (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 440.) Progressive cites Government Employees Ins. Co. v Blecker (150 AD2d 428); Matter of Allstate Ins. Co. v Kashkin (130 AD2d 744); State Farm Mut. Auto. Ins. Co. v Romero (109 AD2d 786); and Jenkins v Burgos (99 AD2d 217) in support of its claim to entitlement to summary judgment declaring no duty to defend or indemnify based upon a failure of timely notice. In Government Employees, Allstate and Jenkins, the courts found that the insured (and in Jenkins, the injured person) had failed to offer or establish any reasonable explanation or excuse for late notice of the accident. And in State Farm, the court found *484 a lack of due diligence on the part of the claimant in ascertaining whether insurance coverage existed so as to make a timely claim under an uninsured motorist endorsement.
Failure to give timely notice as required by the terms of a liability policy vitiates the policy in the absence of a valid excuse (Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d, supra, at 436). A good-faith reasonable belief of no liability for the accident may serve as a legal excuse for failure to give timely notice. (Supra, at 441; Allstate Ins. Co. v Moon, 89 AD2d 804, 805; see generally, 70 NY Jur 2d, Insurance, § 1619, at 631.)
Here, Jackson asserts by affidavit that he at no time believed that he had any responsibility in connection with the Fredette, Jr. accident of November 26, 1988 and that there was no indication that anyone intended to make claims against him until he was being served with the Fredette summons and complaint. This allegation presents a clear question of fact for determination upon trial as to whether the failure of timely notice resulted from a good-faith reasonable belief in nonliability. (Allstate Ins. Co. v Moon, supra; see also, Young Health Center v New York State Dept. of Ins., 152 AD2d 835, 836.)
CONCLUSION
Plaintiffs motion for summary judgment declaring that it has no duty to defend or indemnify defendant Jackson upon the ground that the Fredette accident did not arise out of the ownership, maintenance or use of Jackson’s ATV is denied, and defendants are awarded summary judgment declaring that the Fredette accident is within the coverage of Progressive’s motorcycle policy No. MC 0-43-47-788-0. Plaintiffs motion for summary judgment declaring that it owes no duty to defend or indemnify defendant Jackson under such policy because of a failure of timely notice resulted from a good-faith reasonable belief in nonliability is to be determined upon trial.

 The Lalomia v Bankers & Shippers Ins. Co. (35 AD2d 114) and Cone v Nationwide Mut. Fire Ins. Co. (75 NY2d 747) holdings that policy exclusions for claims arising out of the ownership, use or maintenance of a vehicle are ineffective as to claims for negligent entrustment place New York in a distinct minority among State courts considering the issue. (See, Standard *482 Mut. Ins. Co. v Bailey, 868 F2d 893, 898-899 [7th Cir 1989], and cases cited therein.)