931 F.2d 886
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Katherine Roe CREAGH, David Creagh, In their own rights and
as assignees of all rights of Davis Park Ferry
Company and the Royal Insurance Company,
Plaintiffs-Appellants,
v.
TUDOR INSURANCE COMPANY, Defendant-Appellee,
v.
ROYAL INSURANCE COMPANY OF AMERICA, Third Party Defendant.
 No. 90-2105.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1991.
Decided April 29, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-89-1235-PN)
 Kieron F. Quinn, Quinn, Ward and Kershaw, P.A., Baltimore, Md., (Argued), for appellants; J. Stephen Simms, Quinn, Ward and Kershaw, P.A., Baltimore, Md., on brief.
 Edward Chester Mackie, Rollins, Smalkin, Richards & Mackie, Baltimore, Md., (Argued), for appellee; Hartman J. Miller, Paul J. Weber, Rollins, Smalkin, Richards & Mackie, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and REBECCA BEACH SMITH, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The Creaghs appeal the district court's grant of summary judgment against them, arguing, inter alia, that the watercraft exclusion clause in Tudor Insurance Company's policy does not apply in this case. We disagree with appellants' argument and affirm the district court's judgment.
 
 I.
 
 2
 On July 13, 1987, the Creagh family rode the Davis Park Ferry Co.'s (hereinafter "DPFC") ferry KIKI to Davis Park on Fire Island in New York. After disembarking, Mrs. Creagh waited on the wharf with their luggage, while the rest of the family went to get a car. In the process of unloading the ferry, some of the KIKI's crew dropped the middle port gangway on Mrs. Creagh, causing her to be seriously injured.
 
 
 3
 At the time of the accident, DPFC carried two insurance policies; one a marine protection and indemnity policy with a limit of $1,000,000 issued by Royal Insurance Company (hereinafter "Royal"), and the other a comprehensive general liability policy with a policy limit of $500,000 issued by Tudor Insurance Company (hereinafter "Tudor"). The Tudor policy contained a watercraft exclusion clause.[1]
 
 
 4
 Appellants sued DPFC in personam for negligence and also sued the ferry KIKI in rem. Royal agreed to provide a defense in the suit. Tudor refused to defend or provide coverage, relying on the watercraft exclusion clause in its policy issued to DPFC. The complaint was amended to include a claim for punitive damages and allegations of gross negligence, breach of manufacturer's warranties, strict liability, and negligent design. Tudor again refused to defend or provide coverage because of policy exclusions.[2]
 
 
 5
 DPFC, Royal, and appellants settled the case pursuant to an agreement wherein a consent judgment would be entered against DPFC for $900,000; Royal would pay appellants $525,000 in partial satisfaction of the consent judgment; Royal and DPFC would assign any rights they might have against Tudor to appellants; and appellants would limit enforcement of the judgment to obligations owed by Tudor.
 
 
 6
 Appellants, both in their own right and as assignees of Royal and DPFC, then sued Tudor for action on the judgment, breach of contract, and contribution. Tudor moved for summary judgment. The district court granted summary judgment in favor of Tudor, finding, inter alia, that the watercraft exclusion clause applied.[3]
 
 II.
 
 7
 Appellants argue that Tudor has a duty to defend and to indemnify because some of the causes of the accident (negligent maintenance of the wharf and products liability) are covered by the insurance policy.[4]
 
 
 8
 In determining whether coverage is provided under the policy, "the court must look past the labels placed on the causes of action to the facts alleged in the underlying complaint. The 'insured may not, by use of a "shotgun" allegation, create a duty to defend beyond that which was anticipated by the parties when they entered into the policy contract.' " Monarch Ins. Co. v. Hetherly, 148 Misc.2d 512, ----, 560 N.Y.S.2d 745, 748 (Sup.Ct.1990) (citations omitted).[5]
 
 
 9
 All of appellants' injuries[6] arose out of the same set of facts, regardless of the legal causes of action alleged. Those facts unquestionably show that Mrs. Creagh's injuries resulted from being hit by the gangway during the unloading of the ferry. The plain language of Tudor's insurance policy excludes coverage for any injuries arising out of the unloading of DPFC's watercraft.[7]
 
 
 10
 This court would be totally ignoring the clear language and fair effect of the watercraft exclusion clause, if it permitted appellants to create a duty to defend by artful pleading. Therefore, Tudor had no duty to defend or indemnify DPFC in the suit brought against it by the Creaghs. See Duncan Petroleum Transport, Inc. v. Aetna Ins. Co., 96 A.D.2d 942, 466 N.Y.S.2d 394, aff'd, 61 N.Y.2d 665, 460 N.E.2d 229, 472 N.Y.S.2d 88 (1983); Aetna Casualty & Surety Co. v. Liberty Mut. Ins. Co., 91 A.D.2d 317, 459 N.Y.S.2d 158 (1983); Monarch, 148 Misc.2d at ----, 560 N.Y.S.2d at 747-49. Accordingly, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 See infra note 7
 
 
 [2]
 In addition to the watercraft exclusion, the Tudor policy specifically excluded coverage for punitive damages, "Completed Operations," and "Products." Tudor relied on all of these exclusions in refusing to defend and in denying coverage
 
 
 [3]
 Although the Creaghs also appeal the district court's finding that they lacked standing to sue Tudor, we need not address that issue since the Tudor policy does not provide coverage for the accident
 
 
 [4]
 Appellants rely on Cone v. Nationwide Mut. Fire Ins. Co., 75 N.Y.2d 747, 551 N.E.2d 92, 551 N.Y.S.2d 891 (1989), in which the New York Court of Appeals held that the insurer of a homeowner's policy, with a motor vehicle exclusion clause, did have a duty to defend a claim of negligent entrustment of a dangerous instrumentality (an all-terrain vehicle). Appellants' reliance on Cone is misplaced. The court in Cone specifically followed its holding in an earlier case of negligent entrustment of a motorized bicycle covered by a homeowner's policy with a motor vehicle exclusion clause, without overturning its holding in a subsequent case that an insurer had no duty to defend a petroleum transporting company, under a policy with a motor vehicle exclusion clause, for claims arising out of an explosion which occurred when gasoline was being transferred between tractor-trailers. See Monarch Ins. Co. v. Hetherly, 148 Misc.2d 512, ___, 560 N.Y.S.2d 745, 747-48 (Sup.Ct.1990) (citing Lalomia v. Bankers & Shippers Ins. Co., 35 A.D.2d 114, 312 N.Y.S.2d 1018 (1970), aff'd 31 N.Y.2d 830, 291 N.E.2d 724, 339 N.Y.S.2d 680 (1972); Duncan Petroleum Transport, Inc., v. Aetna Ins. Co., 96 A.D.2d 942, 466 N.Y.S.2d 394, aff'd, 61 N.Y.2d 665, 460 N.E.2d 229, 472 N.Y.S.2d 88 (1983)). Therefore, as the court in Monarch has reasoned, the Cone decision is limited to homeowner's insurance policies. See id
 
 
 [5]
 All parties agree that the substantive law of New York is controlling in this case
 
 
 [6]
 Mr. Creagh sued for loss of society and consortium caused by Mrs. Creagh's injuries
 
 
 [7]
 The Tudor watercraft exclusion clause is as follows:
 This insurance does not apply:
 * * *
 (e) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
 (1) any watercraft owned or operated by or rented or loaned to any insured, or
 (2) any other watercraft operated by any person in the course of his employment by any insured; but this exclusion does not apply to watercraft while ashore on premises owned by, rented to or controlled by the named insured....