■ NEW HAMPSHIRE INSURANCE COMPANY, Respondent, v JEFFERSON INSURANCE COMPANY OF NEW YORK, Appellant, et al., Defendant. [624 NYS2d 392] —Order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered November 1, 1993, which granted plaintiff New Hampshire Insurance Company's motion for summary judgment to the extent of requiring defendant Jefferson Insurance Company to defend

Camp Merrimac, Inc. in the underlying tort action, and which denied Jefferson Insurance Company's cross-motion to dismiss the complaint, reversed, on the law, the motion denied and the cross-motion granted, without costs.

David Vainchenker, plaintiff in the underlying tort action, sustained injury when he was struck by a motor vehicle owned by Camp Merrimac, Inc., defendant in the underlying tort action, and operated by one of its employees. New Hampshire Insurance Company, which issued an automobile liability policy to the camp, commenced this action against Jefferson Insurance Company, which issued a general liability policy to the camp, seeking a judgment declaring that Jefferson is obligated to defend and indemnify Camp Merrimac, Inc. Alternatively, New Hampshire seeks a declaration that Jefferson is obligated to share equally all expenses which may be incurred in defending the Vainchenker action. Jefferson cross-moved for summary judgment dismissing New Hampshire's complaint.

As the camp's automobile liability insurer, New Hampshire does not contest its duty to defend on the grounds that the complaint in the underlying action alleges negligence in the operation of an automobile. However, it contends that allegations in the complaint asserting negligent supervision of the campers implicates Jefferson's duty to defend under the terms of its general liability policy.

Jefferson argues that, irrespective of the theory of liability stated in the complaint, this accident clearly falls within the exclusion clause of its general liability policy. It omits from coverage all "[b]odily injury * * * arising out of the ownership, maintenance, operation [or] use * * * of (1) any automobile * * * owned or operated by or rented or loaned to any insured, or (2) any other automobile * * * operated by any person in the course of his employment by any insured." Supreme Court granted plaintiff's motion to the extent of declaring that both insurers are obligated to share equally in providing a defense to Camp Merrimac, denying defendant's cross-motion to dismiss the complaint.

The duty of an insurer to defend is more expansive than its duty to indemnify (Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148, 154). The duty to defend arises as a matter of contractual obligation to the insured, whereas liability for indemnification rests on principles of basic negligence (Monarch Ins. Co. v Hetherly, 148 Misc 2d 594, affd 182 AD2d 1138). Hence, the duty to defend is triggered if facts alleged in

the complaint fall within the scope of coverage intended by the parties at the time the contract was made *(Album Realty Corp. v American Home Assur. Co.,* 80 NY2d 1008). Similarly, the scope of exclusions written into an insurance contract is determined by the intent of its execution. An insurer has the burden of establishing that any exclusion is "unambiguously applicable to the pleaded allegations" *(Matter of Duncan Petroleum v Aetna Ins. Co.,* 96 AD2d 942, 943, *affd* 61 NY2d 665).

In the present action, Supreme Court found that the allegations of negligent supervision of children in its care and negligent operation of an automobile by its employee constitute two distinct causes of action that, together, obligate both New Hampshire and Jefferson to defend the underlying action (citing *Prashker v United States Guar. Co.,* 1 NY2d 584, 590-591; *Cordial Greens Country Club v Aetna Cas. & Sur. Co.,* 50 AD2d 688, *mod* 41 NY2d 996). It is evident that an action commenced against the insured predicated on the negligent operation of an automobile implicates New Hampshire's duty to defend the camp under the terms of its automobile liability policy. It should be equally apparent that the action falls squarely within the operation of the exclusion clause of Jefferson's general liability policy exempting coverage for any injury "arising out of" the use or operation of an automobile. The meaning of the exclusion is clear and unambiguous and allows no opportunity for construction as a question of fact *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 171-172). It is necessary for this Court to observe only that, whatever theory of liability the resourceful attorney may fashion from the circumstances of a client struck by an automobile, it remains that the immediate and efficient cause of the injury is, in fact, the automobile.

In *Matter of Duncan Petroleum Transp. v Aetna Ins. Co.* (96 AD2d 942, *affd* 61 NY2d 665), the insured sought a declaration that Aetna was obligated to defend it in an underlying wrongful death action resulting from the explosion of a truck during the transfer of gasoline from its cargo tank. Aetna's policy contained an exclusion for " 'bodily injury * * * arising out of the ownership, maintenance, operation, use, loading or unloading of * * * any automobile * * * owned or operated by [the] insured' " *(supra,* at 942-943). The underlying complaint asserted that "the accident was caused by such factors as, *inter alia,* a failure to inspect the vehicles, a failure to train and supervise personnel, the use of dangerous procedures for the transfer of gasoline, and improper maintenance and de-

sign of the vehicles" (supra, at 943). Holding that Aetna was not obligated to defend the insured, the Court stated, "Duncan seeks to avoid the impact of the clear, expansive exclusion in the policy by attributing alleged nonexcluded factors as causes of the accident * * * Nothing about the foregoing asserted factors, even if they were actually involved in causing the explosion, would negate the unequivocal and unchallenged fact that the accident arose out of the loading or unloading of the automobile. Duncan's factors of causation serve to do no more than provide reasons or subfactors explaining why the accident arose out of the loading or unloading of the vehicle. Acts or omissions which predated the loading operation but which allegedly brought about the explosion during the loading do not prevent invocation of the exclusion clause" (supra, at 943).

Two years later in *Ruggerio v Aetna Life & Cas. Co.* (107 AD2d 744), the Court drew a distinction between the basis for imposing liability on the insured and the contractual nature of insurance coverage under a comprehensive general liability policy. In that case, it was alleged that Veteran Cab Company had dispatched an unlicensed and intoxicated driver, with the result that plaintiffs sustained over $200,000 in damages. Finding that "it is clear that this policy was not intended to cover injuries 'arising out of' automobile accidents" (supra, at 745), the Court noted: "While Veteran's acts may have been a proximate cause of plaintiff Frances Ruggerio's injuries, that is only determinative of the underlying liability of the insured. An insurance policy, however, is in essence a contract and must be construed in accordance with the intent of the parties as expressed in the clear language of the policy" (supra, at 745). Merely because the insured might be found liable under a distinct theory of recovery does not obviate the insurer's exclusion for injury resulting from operation of an automobile.

In the matter under review, Camp Merrimac is asserted to have been negligent in failing to take reasonable precautions to prevent campers from coming into the path of passing vehicles, in failing to erect barriers between the roadways and the play areas, and in hiring counselors with inadequate training and skill. Even assuming, arguendo, that these asserted failings comprise a distinct basis for liability and are not merely "subfactors" resulting in injury by an automobile, as illustrated by *Duncan (supra),* they are nonetheless excluded from the coverage of the contract of insurance issued by Jefferson, as illustrated by *Ruggerio (supra).*

This Court is mindful of the decision in *Cone v Nationwide Mut. Fire Ins. Co.* (75 NY2d 747), relied upon by New Hampshire in support of its position. In that case, a closely divided Court of Appeals adopted the reasoning of *Lalomia v Bankers & Shippers Ins. Co.* (35 AD2d 114, *affd* 31 NY2d 830 [1970]) in which the Appellate Division, Second Department held that a homeowners' policy covered a collision on a public road between the automobile operated by Jean Lalomia and a motorized bicycle operated by 12-year-old Michael Maddock. The theory invoked was common-law negligence on the part of Daniel Maddock, the boy's father, "in placing a dangerous instrumentality in the possession of and at the disposal of a 12-year-old boy, knowing that it could be used in a dangerous manner likely to cause harm to others" (35 AD2d 114, 117, *supra*). The Court held that this theory of recovery is not subject to a policy provision excluding damages "directly related to the 'ownership, maintenance, operation, use' of the vehicle and imposes an obligation upon the insurer within the terms of its policy" *(supra,* at 117).

In applying *Lalomia (supra)* to the facts of *Cone (supra),* the Court of Appeals construed the term "arising out of" to be ambiguous in the context of a homeowners' insurance policy, concluding that coverage extended to liability for injuries sustained by a truck driver who was struck by an all-terrain vehicle operated by the insured's son. The dissent (Kaye, J.) pointed to "the plain language of the policy" and "the overwhelming weight of authority throughout the Nation" that finds no ambiguity in the standard exclusion *(Cone v Nationwide Mut. Fire Ins. Co., supra,* at 749).

In analogous circumstances, the Court of Appeals recently ruled that the exclusion from coverage for accidental bodily injury of " 'any claim, demand or suit based on Assault and Battery' " extends to an associated claim of negligent hiring and supervision *(U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821, 822). The Court held that the shooting of John Hanley, an off-duty police officer, by a nightclub security guard was an intentional act, concluding: "The plethora of claims surrounding that injury, including those for 'negligent shooting' and 'negligent hiring and supervision' are all 'based on' that assault and battery without which Hanley would have no cause of action." *(Supra,* at 823.)

The matter before us is indistinguishable from *Val-Blue (supra).* Absent the injury resulting from the operation of the camp's automobile by its employee, David Vainchenker would have no claim against Camp Merrimac. It must be concluded,

therefore, that negligent hiring is not, as New Hampshire contends, an independent basis for recovery against the camp and cannot be employed to impose upon Jefferson the obligation to indemnify the camp for liability arising from this accident. As there is no basis upon which Jefferson might be held liable, there is no ground for requiring it to defend the underlying action (*Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424).

The reasoning of *Val-Blue (supra)* cannot be reconciled with *Cone v Nationwide Mut. Fire Ins. Co. (supra)* and *Lalomia v Bankers & Shippers Ins. Co. (supra)*. There is no apparent policy reason to treat an asserted cause of action for negligent entrustment differently from one for negligent hiring and supervision, and New Hampshire does not suggest that there is. Within the context of automobile exclusion clauses, "[t]he words 'arising out of' are hardly ambiguous. When used in an exclusion, they are deemed to be broad, general, comprehensive terms ' "ordinarily understood to mean originating from, incident to, or having connection with the use of the vehicle" ' " (*Cone v Nationwide Mut. Fire Ins. Co., supra,* at 750 [Kaye, J., dissenting]). To the extent that an unambiguous exclusion does not apply to a claim based upon negligent entrustment of a dangerous instrumentality *(supra)*, the imposition of an obligation to defend or indemnify should be limited to the facts of *Cone* and *Lalomia* where the dangerous instrumentality is entrusted to a minor and the loss is otherwise covered under a homeowners' insurance policy *(see, Monarch Ins. Co. v Hetherly,* 148 Misc 2d 594, *affd* 182 AD2d 1138, *supra; cf., Ruggerio v Aetna Life & Cas. Co.,* 107 AD2d 744, *supra* [negligent entrustment of automobile to unlicensed and intoxicated driver]). Concur—Wallach, J. P., Rubin and Tom, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Lebedeff, J.