70 F.3d 720
 MOUNT VERNON FIRE INSURANCE COMPANY,
Plaintiff-Counter-Defendant-Appellant,
v.
CREATIVE HOUSING LTD; and Creative Housing Ltd., d/b/a
Creative Housing Management Co.,
Defendants-Counter-Claimants-Appellees,
Linnette Hunter, Defendant-Appellee.
 No. 95-7248.
 United States Court of Appeals,
Second Circuit.
 Nov. 15, 1995.
 
 Present: OAKES, MINER, MAHONEY, Circuit Judges.
 
 ORDER
 
 1
 This appeal from the United States District Court for the Eastern District of New York, Charles P. Sifton, Judge, is by an insurance company seeking a declaratory judgment of no coverage against its insured. On consideration of the briefs, appendix, record and the oral argument in this appeal, it is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the New York Court of Appeals a certificate in the form of the attached, together with a complete set of the briefs, appendix and record filed by the parties with this Court. This panel retains jurisdiction so that, after we receive a response from the New York Court of Appeals, we may dispose of the appeal.
 
 
 2
 Certificate to the New York Court of Appeals pursuant to New York Court of Appeals Rules Sec. 500.17.
 
 
 3
 In April 1991, Lynette Hunter ("Hunter") was criminally assaulted in her apartment building. The building was owned and managed by Creative Housing LTD, a New York corporation. Hunter brought suit against Creative Housing, alleging negligent supervision, management and control of the premises. Creative Housing then sought defense and indemnification from its insurer, Mount Vernon Fire Insurance Company, a Pennsylvania corporation ("Mount Vernon").
 
 
 4
 Mount Vernon brought this diversity action against Creative Housing in December 1991, seeking a declaratory judgment that it had no duty to defend or indemnify Creative Housing in Hunter's civil suit. Mount Vernon alleged that it had no duty to defend or indemnify because its policy with Creative Housing had an assault and battery exclusion.[1] It also alleged that Creative Housing breached the terms of the policy by failing to notify Mount Vernon of the assault as soon as practicable, thereby relieving Mount Vernon of its duties under the policy.[2] In response, Creative Housing claimed that Mount Vernon had breached because the underlying action was based on negligence and therefore not excluded by the terms of the policy. Second, it claimed that Mount Vernon had wrongfully disclaimed coverage on the basis of late notice.
 
 
 5
 The district court, applying New York state law, dismissed Mount Vernon's action on the ground that the assault and battery exclusion in the policy was ambiguous in its entirety. The court noted first that reasonable minds could differ on whether the language "based on assault" excluded coverage of negligence claims arising from assaults, and that it was unclear whether Hunter's claims against Creative Housing were based on assault or on negligent maintenance of premises. The court also found it ambiguous whether the exclusion applied when a third party wholly unconnected to the insured committed an intentional tort, as had happened in Hunter's case. Noting that Mount Vernon did not introduce any evidence to support its interpretation of the exclusion as inclusive of such torts, the court held that the policy covered Creative Housing in Hunter's suit and that Mount Vernon was not entitled to a declaratory judgment.
 
 
 6
 On appeal, Mount Vernon argues that the district court's holding is in direct conflict with New York state law as established by the New York Court of Appeals in U.S. Underwriters Ins. Co. v. Val-Blue Corp., 85 N.Y.2d 821, 623 N.Y.S.2d 834, 647 N.E.2d 1342 (1995) (per curiam).[3] According to Mount Vernon, Val-Blue held that the exact assault and battery exclusion language at issue in the instant case was unambiguous and precluded coverage of negligence claims where an assault was involved. Mount Vernon contends that Val-Blue resolves the issue whether claims such as Hunter's are "based on" assault by applying a "but for" test: if no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies. Under this rationale, it is immaterial whether the assault is committed by the insured or an employee of the insured on the one hand or by a third party on the other.
 
 
 7
 Appellees Creative Housing and Hunter respond that Val-Blue 's holding is limited to its facts.[4] Noting that the five-paragraph opinion in Val-Blue cites no cases in support of its conclusion that the exclusion was unambiguous, the Appellees reject Mount Vernon's characterization of Val-Blue as a definitive statement of New York law with respect to injuries caused by third parties and claims relating to maintenance of the insured's premises. They also argue that nothing in the Val-Blue opinion indicates that the decision extends beyond cases in which the assault was committed by the insured's employee or the insured itself.
 
 
 8
 Despite Mount Vernon's claims that Val-Blue resolves this case, it appears to us that New York law remains unsettled on two points: the import of the precise language used in assault and battery exclusion clauses and the application of such clauses to third party torts. We address each point in turn.
 
 
 9
 A. "Based on" v. "Arising out of"
 
 
 10
 In previous cases not specifically addressed or overruled in the Val-Blue decision, the New York courts have differed on the legal effect of clause language and left open the question whether the use of the words "based on" as opposed to "arising out of" in an assault and battery exclusion precluded coverage of negligence claims such as Hunter's.
 
 
 11
 For example, in Lalomia v. Bankers & Shippers Ins. Co., 35 A.D.2d 114, 117, 312 N.Y.S.2d 1018, 1021 (2d Dept.1970), aff'd, 31 N.Y.2d 830, 339 N.Y.S.2d 680, 291 N.E.2d 724 (1972), the Appellate Division held that an automobile exclusion clause did not preclude coverage of a negligent entrustment claim and the insurer was therefore obligated to defend on that claim. Although the claim involved an accident with a motorized bicycle (found by the court to be an "automobile" for the purposes of the exclusion), the court held that the theory of recovery sounded in common-law negligence and therefore was not directly related to the ownership of the vehicle.
 
 
 12
 Nineteen years later, the New York Court of Appeals followed Lalomia in Cone v. Nationwide Mut. Fire Ins. Co., 75 N.Y.2d 747, 551 N.Y.S.2d 891, 551 N.E.2d 92 (1989), holding that a claim of negligent entrustment of an automobile was not excluded from coverage by an automobile exclusion clause. The court noted that although the exclusion used the language "arising out of," whereas Lalomia used "based directly on," the variation was "too insignificant to permit varying legal consequences." 75 N.Y.2d at 749, 551 N.Y.S.2d at 892, 551 N.E.2d at 93. In dissent, Judge Kaye stated that the "arising out of" language in Cone was significantly different and more comprehensive than Lalomia 's phrase, and that "arising out of" language had been used in other cases as a basis for distinguishing Lalomia. 75 N.Y.2d at 750, 551 N.Y.S.2d at 893, 551 N.E.2d at 94 (Kaye, J., dissenting). She also noted that insurers had deliberately introduced such language to broaden exclusions. Id.
 
 
 13
 The confusion that preceded Val-Blue was apparently not laid to rest by the decision of the Court of Appeals in that case. In New Hampshire Ins. Co. v. Jefferson Ins. Co., 213 A.D.2d 325, 624 N.Y.S.2d 392 (1st Dept.1995), the court found an insurer not obligated to defend or indemnify in an action predicated on the negligent entrustment of an automobile because the policy exempted coverage for any injury "arising out of" the use or operation of an automobile. Although the First Department relied on Val-Blue to reach this conclusion, it recognized that "[t]he reasoning of Val-Blue cannot be reconciled with Cone v. Nationwide Mut. Fire Ins. Co. ... and Lalomia v. Bankers & Shippers Ins. Co." 213 A.D.2d at 330, 624 N.Y.S.2d at 395. Appellees point to New Hampshire to buttress their contention that Val-Blue did not address the legal import of language used in an exclusionary clause and therefore does not control the outcome in this case.
 
 
 14
 We also note the recent case of Salimbene v. Merchants Mut. Ins. Co., --- A.D.2d ----, 629 N.Y.S.2d 913 (4th Dept.1995), in which a homeowner's policy was found not to cover an insured who threw stones at a motor vehicle because the act was not accidental. The court cited Val-Blue in distinguishing a case where the damages at issue were the intended result of the insured's acts from a case where the damages were unintended even though the original act leading to them was intentional. --- A.D.2d at ----, 629 N.Y.S.2d at 916.[5] While Salimbene is factually dissimilar to the instant case, it creates further confusion as to Val-Blue 's application to negligence claims such as Hunter's.
 
 B. Application to Third Party Torts
 
 15
 The second ambiguity present in this case and unanswered by Val-Blue is whether third-party assaults should be addressed differently from employee assaults or negligent entrustment cases. Val-Blue involved a situation where the act of assault, through respondeat superior, and the acts of negligence were both committed by the insured. It is not clear to us whether, when a claim is brought against the insured for injuries that it facilitated only through its negligence rather than for injuries caused by an intentional actor over whom it had control, as in Val-Blue, assault and battery should be considered the foundation of the action. Instead, it seems that such an action could be construed as grounded in negligent maintenance of premises and therefore not precluded from coverage by an assault and battery exclusion. Although Mount Vernon urges us to find Val-Blue controlling, we do not think the question of coverage for wholly unrelated acts of third parties was decided by that case.[6]
 
 
 16
 We note that the exclusion in Val-Blue included the same language that is in the Mt. Vernon exclusion: "[a]ssault and battery shall not be deemed an accident, whether or not committed by or at the direction of the insured." The Val-Blue court did not address this part of the exclusion in its opinion and provided no guidance on the language's interpretation or applicability to third party torts.[7] Given Val-Blue 's silence, we think this language does not supply a basis to conclude that the assault and battery exclusion precludes Hunter's claim.
 
 
 17
 We recognize that the parameters of assault and battery exclusions are likely to be frequent subjects of litigation and that this case implicates important values in the evolution of New York's insurance law. These circumstances weigh in favor of giving the New York Court of Appeals an opportunity to determine state law on this issue. We therefore certify the following questions to the New York Court of Appeals:
 
 
 18
 1. Is the language "based on" narrower than the language "arising out of" when used in an insurance policy and does the Val-Blue decision establish that neither is ambiguous?
 
 
 19
 2. When a third party rather than an insured's employee perpetrates an assault, is the basis of the victim's claim against the insured assault or the negligent failure to maintain safe premises?
 
 
 20
 We believe that the New York Court of Appeals should resolve these questions because the use of exclusion clauses to preclude coverage of assaults committed by a third party to which the insured contributed through negligence is an issue of importance to the State, to insurers, and to the insured. The State has a significant interest in the interpretation and enforcement of insurance contracts executed within its borders. Moreover, the less ambiguous the scope of exclusion clause language and application, the more likely it is that the parties to an insurance policy will be able to contract knowingly and appropriately to limit their respective risk.
 
 
 21
 Precedent from the New York Court of Appeals and other New York courts on these questions appears not to be dispositive, and New York has an interest in its courts deciding them rather than having the only direct precedent arising from a ruling by a federal appeals court.
 
 
 22
 We, of course, have no desire to restrict the New York Court of Appeals from considering any state law issues that it might wish to resolve in connection with this appeal. Therefore, though our immediate request is for answers to the questions as framed, we would certainly welcome any guidance the New York Court of Appeals might care to provide with respect to any state law issues presented by this appeal.
 
 
 23
 FOR THE COURT
 /s/ GEORGE LANGE III
 George Lange III, Clerk
 
 
 
 [1]
 The exclusion reads:
 It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery, and Assault and Battery shall not be deemed an accident whether or not committed by or at the direction of the insured.
 
 
 [2]
 Mount Vernon withdrew its allegation of untimely notice before trial
 
 
 [3]
 The Val-Blue decision was handed down on February 9, 1995, the day before judgment was entered by the district court in this case. The district court denied Mount Vernon's request for reconsideration in light of Val-Blue on February 15, 1995
 
 
 [4]
 In Val-Blue, an off-duty police officer was shot by a security guard at a nightclub and brought a claim against the nightclub alleging, among other things, negligence in hiring, supervision and training. 85 N.Y.2d at 822, 623 N.Y.S.2d at 835, 647 N.E.2d at 1343
 
 
 [5]
 The Val-Blue court stated that "lack of ... intent to cause the actual harm that resulted, however, is irrelevant in determining the intentional nature of [an] act." 85 N.Y.2d at 823, 623 N.Y.S.2d at 836, 647 N.E.2d at 1344
 
 
 [6]
 Although it appears that New York has yet to address the question, other jurisdictions have considered the application of assault and battery exclusions to third party assaults. Appellees cite a recent case from the Supreme Court of Massachusetts which held that an insurance company had a duty to defend on a negligent security claim brought by a patron who had been assaulted by another patron of a bar. Liquor Liab. Joint Underwriting Assoc. v. Hermitage Ins. Co., 419 Mass. 316, 644 N.E.2d 964 (1995). While the assault and battery exclusion at issue in that case was less comprehensive than the one before us here, we note the court's basic premise that an assault and battery exclusion does not apply to a negligence claim following an assault or battery "committed by an unrelated third party" absent "clear and unmistakable language." 419 Mass. at 322, 644 N.E.2d at 968. In other cases involving exclusions with more comprehensive language, courts have held that coverage of negligence claims involving third party torts is precluded. See, e.g., Kelly v. Figueiredo, 223 Conn. 31, 610 A.2d 1296 (1992) (exclusion language "arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts" precluded coverage of a negligence claim)
 
 
 [7]
 The District Court alone offered two interpretations of the language: (1) that it extends the exclusion to intentional torts committed by persons acting for, but not at the direction of, the insured and (2) that it excludes all assaults and batteries. See Memorandum Opinion and Order of January 31, 1995, JA-91. We, of course, cannot rule out the possibility of other interpretations as well