**MOUNT VERNON FIRE INSURANCE COMPANY, Plaintiff–Counter–Defendant–Appellant,**

**v.**

**CREATIVE HOUSING LTD; and Creative Housing Ltd, d/b/a Creative Housing Management Co., Defendants–Counter–Claimants–Appellees,**

**Linnette Hunter, Defendant–Appellee.**

**No. 183, Docket 95–7248.**

United States Court of Appeals, Second Circuit.

Argued Sept. 21, 1995.

Decided Aug. 21, 1996.

---

Michael A. Miranda, New York City (Thurm & Heller, of counsel), for Plaintiff–Counter–Defendant–Appellant.

Michael Majewski, Mineola, NY (Nicole Norris; Joel P. Iannuzzi, Beck & Iannuzzi, Brooklyn, NY, of counsel), for Defendants–Counter–Claimants–Appellees.

Brian J. Farrell, Yonkers, NY (Fitzgerald & Fitzgerald, P.C., of counsel), for Defendant–Appellee.

Before OAKES, MINER and MAHONEY, Circuit Judges.

PER CURIAM:

In this diversity case, Mount Vernon Fire Insurance Company ("Mount Vernon") appeals from a February 10, 1995, judgment of the Eastern District of New York, Charles P. Sifton, *Judge*, that denied Mount Vernon a declaratory judgment of no coverage against its insured, Creative Housing Ltd. ("Creative Housing"). Mount Vernon claimed on appeal that the district court's holding is in direct conflict with New York law recently established in *U.S. Underwriters Ins. Co. v. Val–Blue Corp.*, 85 N.Y.2d 821, 623 N.Y.S.2d 834, 647 N.E.2d 1342 (1995) (per curiam). After consideration of the briefs, appendix, record, and oral argument, we certified two questions to the New York Court of Appeals pursuant to New York Court of Appeals Rules § 500.17. Having reviewed that court's answers, we now reverse the district court's judgment.

## BACKGROUND

The facts underlying this case are fully set forth in our order of certification, *Mount Vernon Fire Ins. Co. v. Creative Housing Ltd.*, 70 F.3d 720 (2d Cir.1995), and we therefore restate them only briefly here. In April 1991, Linnette Hunter was assaulted in her apartment building, which was owned and managed by Creative Housing. Hunter sued Creative Housing, alleging negligent supervision, management, and control of the premises. Creative Housing sought a defense and indemnification from Mount Vernon under a policy in which Mount Vernon agreed to pay for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

Mount Vernon then filed a diversity action seeking a declaratory judgment that it had no duty to defend or indemnify Creative Housing in Hunter's civil suit because its policy excluded coverage for claims based on assault and battery. The exclusion stated:

> It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery, and Assault and Battery shall not be deemed an accident, whether or not committed by or at the direction of the insured.

The district court correctly found that New York law applies to the dispute between

the parties. The district court dismissed Mount Vernon's action, holding that the exclusion was ambiguous and should therefore be construed against the insurer and in favor of the insured. The court found it unclear whether Hunter's negligence claims qualified as "any claim ... based on Assault and Battery" under the exclusion. The court further found the exclusion clause ambiguous when, as here, it is applied to an intentional tort committed by a person wholly unrelated to the insured.

Mount Vernon appealed to this court. Finding no obviously dispositive precedent and mindful that New York has a significant interest in resolving for itself questions of state law, we certified two questions to the New York Court of Appeals. The Court of Appeals responded in June 1996, *Mount Vernon Fire Ins. Co. v. Creative Housing Ltd.*, 88 N.Y.2d 347, 645 N.Y.S.2d 433, 668 N.E.2d 404 (1996), and, guided by its opinion, we now revisit Mount Vernon's appeal.

## DISCUSSION

In its appeal to this court, Mount Vernon argued that the district court's holding was in direct conflict with New York law as established in *U.S. Underwriters Ins. Co. v. Val–Blue Corp.*, 85 N.Y.2d 821, 623 N.Y.S.2d 834, 647 N.E.2d 1342 (1995) (per curiam).[1] *Val–Blue* held that the exact assault and battery exclusion language at issue in the instant case was unambiguous and precluded coverage of negligence claims. The court applied a "but for" test to determine coverage in cases involving exclusion clauses: if no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies.

Appellees Creative Housing and Hunter responded that *Val–Blue*'s holding is limited to its facts.[2] Noting that the five-paragraph opinion in *Val–Blue* cites no cases in support of its conclusion that the exclusion was unambiguous, the Appellees rejected Mount Vernon's characterization of *Val–Blue* as a definitive statement of New York law with respect to injuries caused by third parties and claims relating to maintenance of the insured's premises. They also argued that nothing in the *Val–Blue* opinion indicated that the decision should extend beyond cases in which the assault was committed by the insured's employee or the insured itself.

In order to resolve the conflict between the parties, we certified the following questions to the New York Court of Appeals:

(1) Is the language "based on" narrower than the language "arising out of" when used in an insurance policy and does the *Val–Blue* decision establish that neither is ambiguous?

(2) When a third party rather than an insured's employee perpetrates an assault, is the basis of the victim's claim against the insured assault or the negligent failure to maintain safe premises?

## I.

Our uncertainty with respect to the first of these questions arose from two New York decisions in negligent entrustment cases, *Lalomia v. Bankers & Shippers Ins. Co.*, 35 A.D.2d 114, 312 N.Y.S.2d 1018 (2d Dept. 1970), *aff'd*, 31 N.Y.2d 830, 339 N.Y.S.2d 680, 291 N.E.2d 724 (1972), and *Cone v. Nationwide Mut. Fire Ins. Co.*, 75 N.Y.2d 747, 551 N.Y.S.2d 891, 551 N.E.2d 92 (1989). In both of these cases, the court held that an automobile exclusion clause in an insurance contract did not preclude coverage of a negligent entrustment claim. The *Lalomia* and *Cone* courts so held despite the fact that in both cases the negligent entrustment claim would not have existed "but for" the use of an automobile. The *Cone* court further found, over dissent from Judge Kaye, that the automobile exclusion clauses at issue in *Lalomia* and *Cone* were legally identical, though the former excluded from coverage claims "based directly on" the use of an automobile where-

---

1. The *Val–Blue* decision was handed down on February 9, 1995, the day before judgment was entered by the district court in this case. The district court denied Mount Vernon's request for reconsideration in light of *Val–Blue* on February 15, 1995.

2. In *Val–Blue,* an off-duty police officer was shot by a security guard at a nightclub and brought a claim against the nightclub alleging, among other things, negligence in hiring, supervision and training. 85 N.Y.2d at 822, 623 N.Y.S.2d at 835, 647 N.E.2d at 1343.

as the latter excluded from coverage those claims "arising out of" the use of an automobile.

As recognized by the First Department of the Appellate Division in a recent negligent entrustment case, *New Hampshire Ins. Co. v. Jefferson Ins. Co.*, 213 A.D.2d 325, 330, 624 N.Y.S.2d 392, 396 (1st Dept.1995), "[t]he reasoning of *Val–Blue* cannot be reconciled with *Cone v. Nationwide Mut. Fire Ins. Co.* ... and *Lalomia v. Bankers & Shippers Ins. Co.*" Faced with an apparent conflict between the Court of Appeals's decisions, the First Department chose to follow the *Val–Blue* "but for" formulation and held that an insurer was not obligated to defend or indemnify in an action predicated on the negligent entrustment of an automobile because the policy exempted coverage for any injury "arising out of" the use or operation of an automobile.

In its answer to the first question certified by this court, the Court of Appeals resolved the apparent conflict between *Val–Blue* and the *Lalomia* and *Cone* cases. The Court of Appeals found that *Val–Blue* is dispositive in this case and that *Lalomia* and *Cone,* to the extent that they cannot be harmonized with *Val–Blue,* should be limited to their facts. The court reasoned that

> while the theory pleaded may be the insured's negligent failure to maintain safe premises, the operative act giving rise to any recovery is the assault. While the insured's negligence may have been a proximate cause of plaintiff's injuries, that only resolves its liability; it does not resolve the insured's right to coverage based on the language of the contract between him and the insurer.

88 N.Y.2d at 352, 645 N.Y.S.2d at 435, 668 N.E.2d at 406. The Court of Appeals also reaffirmed its statement in *Cone* that no significant difference exists between the phrases "based on" and "arising out of" and that neither phrase is ambiguous. *Id.*

▮ The answer supplied by the Court of Appeals makes clear that the Assault and Battery exclusion in Mount Vernon's policy is not ambiguous and that the district court's decision in this case must be reversed. Be-

cause Hunter would be unable to maintain claims for negligent supervision, maintenance, and control "but for" the assault upon her, under New York law her claims are "based on" assault and battery and therefore excluded from coverage under the insurance policy.

## II.

▮ We certified the second question to the Court of Appeals in order to determine whether third-party assaults should be addressed differently from assaults committed by the insured's employees. *Val–Blue* involved a situation where the act of assault, through *respondeat superior,* and the acts of negligence were *both* committed by the insured. In contrast, the person who assaulted Hunter was wholly unrelated to the insured.

The Court of Appeals answered our second question by holding that the crucial inquiry is not who perpetrated the assault, but rather whether the cause of action would not exist "but for" assault. The court found that, under the exclusion clause, once it has been determined that the action would not exist "but for" the assault, "it is immaterial whether the assault was committed by the insured or an employee of the insured on the one hand, or by a third party on the other." 88 N.Y.2d at 353, 645 N.Y.S.2d at 436, 668 N.E.2d at 407. The Court of Appeals also found that the provision in the exclusion stating that there will be no coverage for any suit based on assaults "whether or not committed by or at the direction of the insured" encompassed claims based on assault committed by employees of the insured and by unrelated third parties. *Id.*

The answer provided by the Court of Appeals compels us to hold that Mount Vernon has no duty to defend or indemnify Creative Housing in Hunter's civil suit, despite the fact that neither the insured nor any of its agents perpetrated the assault. Under New York law, Hunter's claims are "based on" assault because the claims would not go forward "but for" the assault. The claims are therefore excluded from coverage.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the district court and direct that declaratory judgment be entered in favor of Mount Vernon.